**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| NEXTIER COMPLETION SOLUTIONS INC<br>　　　　Plaintiffs,<br><br>　　v.<br><br><br>DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC.,<br><br>　　　Defendants. | Civil Action No: 4:21-cv-1328 |

<u>**DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY**</u>

**TABLE OF CONTENTS**

I.     INTRODUCTION ....................................................................................................1

II.    RELEVANT FACTS ..............................................................................................1

III.   NATURE AND STAGE OF PROCEEDINGS .....................................................6

IV.   STATEMENT OF ISSUES ....................................................................................7

V.    STATEMENT OF AUTHORITY .........................................................................7

     A.    First-to-File Rule.........................................................................................7

     B.    Impermissible Anticipatory Declaratory Judgment Action .......................8

VI.   ARGUMENT ..........................................................................................................9

     A.    This Case Should Be Dismissed or Transferred Under the First-to-File Rule. .......9

          1.    This Case Entirely Overlaps with the Earlier-Filed WDTX Action. .........10

          2.    The WDTX Action Is the First-Filed Case as to NexTier Completion..............................................................................12

          3.    Additionally, the Amendment Adding NexTier Completion to the WDTX Action Relates Back.............................................................13

          4.    The Western District of Texas Is Well-Suited to Adjudicate the Dispute Between the Parties. .................................................17

     B.    Alternatively, this Case Should Be Stayed. ..........................................19

     C.    Separately, this Case Should Be Dismissed as an Impermissible Anticipatory Case.........................................................................20

VII.  CONCLUSION.....................................................................................................21

## TABLE OF AUTHORITIES

**Cases**

*Amerijet Int'l, Inc.*,
    785 F.3d 967 (5th Cir. 2015) ...................................................................... 7, 9

*Barnes & Noble, Inc. v. LSI Corp.*,
    823 F. Supp. 2d 980 (N.D. Cal. 2011) ............................................................ 14

*Bedrock Logistics, LLC v. Braintree Labs., Inc.*,
    No. 3:16-CV-2815-M, 2017 WL 1547013 (N.D. Tex. Apr. 28, 2017) ........................... 20

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ......................................................................... 9

*Dripping Wet Water, Inc. v. Halox Techs., Inc.*,
    No. SA-03-CA-1048-OG, 2004 U.S. Dist. LEXIS 18532 (W.D. Tex. Mar. 22, 2004).... 11

*Elecs. for Imaging, Inc. v. Coyle*,
    394 F.3d 1341 (Fed. Cir. 2005)................................................................... 7, 9

*Epic Tech, LLC v. Arno Res., LLC*,
    No. 1:20-CV-577-LY, 2020 WL 5351078 (W.D. Tex. Sept. 4, 2020)................... 8, 9, 20

*Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*,
    No. H-07-637, 2007 WL 5186798 (S.D. Tex. Sept. 11, 2007)....................................... 20

*Goodman v. Praxair, Inc.*,
    494 F.3d 458 (4th Cir. 2007) ................................................................... 14, 15

*Hart v. Donostia LLC*,
    290 F. Supp. 3d 627 (W.D. Tex. 2018)........................................................... 7, 9

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*,
    665 F.3d 671 (5th Cir. 2011) ............................................................... 8, 10, 11

*Jacobsen v. Osborne*,
    133 F.3d 315 (5th Cir. 1998) .................................................................... 15, 16

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
    342 U.S. 180 (1952)................................................................................... 12

*Krupski v. Costa Crociere S. p. A.*,
    560 U.S. 538 S. Ct. 2485 L. Ed. 2d 48 (2010) ................................................... 14

*Mann Mfg., Inc. v. Hortex, Inc.*,
    439 F.2d 403 (5th Cir. 1971) .................................................................. 8, 19

*Orion IP, LLC v. Xerox Corp.*,
No. 607 CV 138, 2008 WL 11348290 (E.D. Tex. Jan. 16, 2008) .................................... 14

*Paragon Indus., L.P. v. Denver Glass Mach., Inc.*,
No. 3-07-CV-2183-M, 2008 WL 3890495 (N.D. Tex. Aug. 22, 2008) ...................... 9, 20

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir. 1997) ......................................................................... 8, 10, 12, 19

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*,
751 F.2d 721 (5th Cir. 1985) ..................................................................................... 8, 19

*Wapp Tech Ltd. P'ship v. Seattle Spinco, Inc.*
817 F. App'x 987 (Fed. Cir. 2020) .................................................................... 12, 13, 14

**Statutes**

35 U.S.C. § 1404(a) ....................................................................................................... 19

35 U.S.C. § 154(d) ....................................................................................................... 3, 5

35 U.S.C. § 284 ................................................................................................................. 3

**Rules**

Fed. R. Civ. P. 11(b) ..................................................................................................... 21

Fed. R. Civ. P. 15(c) ............................................................................................. 14, 15, 16

Fed. R. Civ. P. 4(m) .................................................................................................. 14, 16

Defendants DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") respectfully submit this memorandum in support of their motion to dismiss, transfer, or stay this Action filed by NexTier Completion Solutions, Inc. ("NexTier Completion").

## I.     INTRODUCTION

This case should never have been filed.  It is an unabashed effort to forum shop by NexTier Completion.  The *exact same* parties in this Case are already litigating the *exact same* issues in a patent infringement dispute in the Western District of Texas (the "WDTX Action").  DynaEnergetics filed that case months before NexTier Completion launched this Action.   As a result, under the first-to-file rule this Court should dismiss this Case or, if necessary, transfer it to the Western District of Texas for consolidation with the WDTX Action.  Alternatively, because Fifth Circuit law requires this Court to defer to the Western District of Texas on issues related to the first-to-file rule, the Court should stay this Case to allow the Western District of Texas to address NexTier Completions' pending motion to transfer in that court.  Finally, as an entirely separate ground, this Case should be dismissed as an improper anticipatory suit.

## II.     RELEVANT FACTS

DynaEnergetics is a leader in the field of well completion, perforating, well abandonment, and seismic technologies.  DynaEnergetics has a long history of technological innovation, including innovation in the manufacture of detonators, detonating cords, and perforating hardware. In connection with its research and development efforts, DynaEnergetics has developed groundbreaking inventions for a wireless detonator assembly, a pre-wired perforating gun assembly, and methods of assembling the pre-wired perforating gun assembly.  These inventions are currently protected by multiple United States patents, including U.S. Patent No. 10,844,697 (the "'697 Patent"), which issued on November 24, 2020, from U.S. Patent Application No.

16/585,790 (the "'790 Application").  The '790 Application was published on January 30, 2020 as U.S. Pre-Grant Publication No. 2020/0032626.

On September 11, 2020, DynaEnergetics sent a letter to the president of NexTier Oilfield Solutions Inc. ("NexTier Oilfield"), Mr. Robert Drummond, asserting that NexTier Oilfield infringed various patents and would infringe additional soon-to-be issued patents based on pending applications, including the '790 Application.  Dkt. 1-1.  The letter specifically identified as infringing the GameChanger Perforation System, and included a link to that system on NexTier Oilfield's website.  To this day, NexTier Oilfield's website includes information regarding the GameChanger Perforation System.  *See* Ex. A, GameChanger Website (*available at* https://nextierofs.com/wp-content/uploads/NEX-19-266-GameChanger-SDS-10-30-19.pdf).   On September 22, 2020, Counsel for NexTier Oilfield, Erik Hawes, responded, in part by disputing that the '790 Application would ever produce a valid patent.  However, NexTier Oilfield did not disagree at that time that it made or sold the GameChanger Perforation System.  Ex. B, Sept. 22, 2020 Ltr. from E. Hawes to L. Moyles.  DynaEnergetics replied on November 25, 2020, informing NexTier Oilfield that the '790 Application had issued as the '697 Patent, notifying NexTier Oilfield again of its infringement, and attaching a copy of a complaint filed against another company in the Western District of Texas for infringement of the '697 Patent.  Ex. C, Nov. 25, 2020 Ltr. from L. Moyles to E. Hawes.

After waiting more than a month for NexTier to respond, DynaEnergetics filed the WDTX Action against NexTier Oilfield in the Western District of Texas on December 30, 2020.  Ex. D, WDTX Action, Dkt. 1 ¶ 3.  DynaEnergetics asserted that NexTier Oilfield infringed the '697 Patent by manufacturing, offering for sale, and selling the GameChanger Perforating System.  *Id.*

¶ 7.  As a result, DynaEnergetics asserted that it was entitled to relief for patent infringement under 35 U.S.C. § 284 and for the violation of its provisional rights under 35 U.S.C. § 154(d).  *Id.* ¶ 30.

NexTier Oilfield did not immediately answer DynaEnergetics' complaint in the WDTX Action.  Instead, on January 20, 2021, it moved for an extension of time to answer.  Ex. E, WDTX Action, Dkt. 8.  Although Mr. Hawes began representing NexTier Oilfield in the dispute with DynaEnergetics at least as early as September 22, 2020, NexTier Oilfield claimed an extension was warranted because it "recently retained" Mr. Hawes as counsel in the WDTX Action.  *Id.* at 1.  On February 12, 2021, NexTier Oilfield filed a second motion to extend the time to answer, this time so that the parties could "continu[e] to discuss the potential of an early resolution to this matter."  Ex. F, WDTX Action, Dkt. 9 at 1.  In the hopes of settling the dispute, DynaEnergetics did not oppose the motion.  NexTier Oilfield then filed a ***third*** motion to extend the time to answer on March 22, 2021, so that the parties could "continue to discuss a potential early resolution of this matter."  Ex. G, WDTX Action, Dkt. 18 at 1.  Once again, in the hopes of settling the dispute, DynaEnergetics did not oppose the motion.  The next month, NexTier's stall tactics continued.  On April 6, 2021, NexTier Oilfield filed a ***fourth*** motion to extend the time to answer.  Ex. H, WDTX Action, Dkt. 19.  NexTier Oilfield stated that "the parties recently held a meeting and are currently in the process of negotiating particular terms of a potential agreement."  *Id.* at 1.  DynaEnergetics accordingly did not oppose the motion.

Toward the end of April 2021, however, NexTier Oilfield changed its tactics.  To start, on April 21, 2021, NexTier Oilfield formally replaced its lawyer, Mr. Hawes, with "Amir Alavi of the law firm of Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C."  Ex. I, WDTX Action, Dkt. 21 at 1.  Mr. Alavi has long represented NexTier Oilfield in patent matters.  For instance, since at least August 2020, Mr. Alavi has represented NexTier Oilfield in a patent-infringement

dispute pending in this Court between Nexus Perforating LLC and NexTier Oilfield (among other parties). Ex. J, *Nexus Perforating LLC v. C&J Energy Services, Inc.*, 4:20-CV-01539, Dkt. 17 (S.D. Tex. Aug. 4, 2020). In that suit, Nexus Perforating LLC accused NexTier Oilfield of infringing a patent owned by Nexus based on sales of the GameChanger Perforating System. *Id*. ¶¶ 20-27. On behalf of NexTier Oilfield, Mr. Alavi filed an answer and counterclaims in that suit on August 25, 2020. Ex. K, Answer and Counterclaim, *Nexus Perforating LLC v. C&J Energy Services, Inc.*, 4:20-CV-01539, Dkt. 25 (S.D. Tex. Aug. 25, 2020). NexTier Oilfield and Mr. Alavi did not state that Nexus had sued the wrong party and did not file a motion to dismiss. In fact, NexTier Oilfield repeatedly represented GameChanger to be "its accused product[]," and defended against Nexus' claims that GameChanger infringed the Nexus patent on the merits and not by claiming that NexTier Oilfield does not make, use, sell, or offer to sell the very same accused product that is at issue in this case. *Id*. at Counterclaim ¶ 12; *see also* Ex. L, Joint Discovery and Case Management Plan, *Nexus Perforating LLC v. C&J Energy Services, Inc.*, 4:20-CV-01539, Dkt. 20 at 2. This is despite that NexTier Completion was also a subsidiary of NexTier Oilfield at that time, having been formed in 2017. *See* Dkt. 22-1 ¶¶ 9-10; Dkt. 22-6.

The day after Mr. Alavi started representing NexTier Oilfield in the WDTX Action, NexTier Oilfield finally responded to DynaEnergetics' Complaint asserting the '697 Patent. Having strung DynaEnergetics along for more than six months, NexTier Oilfield filed a motion to dismiss the WDTX Action on April 21, 2021. NexTier Oilfield asserted that the Western District of Texas was an improper venue because "the various [accused] wireline and fracturing services are provided by and through an operating subsidiary, namely NexTier Completion." Ex. M, WDTX Action, Dkt. 22 at 3. NexTier Oilfield described itself as "a holding company that does not conduct any business operations of [its] own." *Id*. at 4.

4

On the same day that NexTier Oilfield filed its motion to dismiss in the WDTX Action, NexTier Completion filed its Complaint in this Action.  In the Complaint, NexTier Completion sought declarations that the GameChanger Perforating System did not infringe any claim of the '697 Patent and that DynaEnergetics is not entitled to pre-issuance damages under 35 U.S.C. § 154(d).  Dkt. 1 ¶¶ 15-20.  The Complaint filed in this Court demonstrated that NexTier Oilfield and NexTier Completion had been cooperating closely regarding DynaEnergetics.  For example, NexTier Completion's Complaint in this District noted that DynaEnergetics contacted Robert Drummond, the president of NexTier Oilfield more than six months earlier regarding concerns that the GameChanger Perforation System infringed DynaEnergetics' intellectual property rights. Additionally, from the start NexTier Completion has relied in this Case on the same counsel that NexTier Oilfield has been using for patent litigation since at least August 2020, Mr. Alavi. Surprisingly, while NexTier Completion did mention four other lawsuits that DynaEnergetics filed in this Court that do not involve NexTier Completion or NexTier Oilfield, NexTier Completion made no mention in its complaint whatsoever of the WDTX Action, which DynaEnergetics filed almost four months earlier regarding the same patent and the same products at issue in this Case.

On April 30, 2021—less than ten days after NexTier Completion filed this Case and NexTier Oilfield simultaneously sought to dismiss the WDTX Action—DynaEnergetics filed an amended complaint in the WDTX Action adding NexTier Completion as a defendant.  Ex. N, WDTX Action, Dkt. 24.  As soon as the First Amended Complaint in the WDTX Action was successfully served on NexTier Completion, DynaEnergetics voluntarily dismissed its claims in the WDTX Action against NexTier Oilfield without prejudice.  Ex. O, WDTX Action, Dkt. 29. On June 23, 2021, NexTier Completion filed a motion in the WDTX Action to transfer that case to this Court.  As a result, in the Western District of Texas DynaEnergetics and NexTier

Completion are currently engaging in limited discovery regarding venue and jurisdiction, and DynaEnergetics will file its opposition to NexTier Completion's motion to transfer within two weeks after the conclusion of that preliminary discovery.  Ex. P, WDTX Action, Dkt. 36.  On June 28, 2021, NexTier Completion answered and counterclaimed in the WDTX Action, notably including counterclaims for declarations of non-infringement regarding the GameChanger Perforating System and invalidity of the '697 Patent.  Ex. Q, WDTX Action, Dkt. 37 at 12-16.

## III.    NATURE AND STAGE OF PROCEEDINGS

As explained in detail in Section II above, DynaEnergetics filed the WDTX Action on December 30, 2020, against NexTier Oilfield, asserting infringement of the '697 Patent by the GameChanger Perforating System.  DynaEnergetics agreed to four subsequent extensions of the time for NexTier Oilfield to answer based on its assertions that it had the authority and intent to negotiate a resolution of these issues.  Finally, on April 21, 2020, NexTier Oilfield moved to dismiss the WDTX Action claiming for the first time that NexTier Completion was the party responsible for the manufacture, use, sale, or offer for sale of the GameChanger Perforating System.  That same day, NexTier Completion filed this Action for declaratory judgment regarding infringement of the same '697 Patent by the same GameChanger Perforating System.  Being made aware of this information for the first time, despite months of negotiations between the parties, DynaEnergetics promptly amended its complaint in the WDTX Action to assert substitute NexTier Completion as the defendant in place of NexTier Oilfield.

On April 30, 2021, DynaEnergetics' time to respond to the Complaint in this Action was extended to July 27, 2021.  DynaEnergetics submits its Answer and Counterclaim simultaneously herewith.

IV.    **STATEMENT OF ISSUES**

1.      Whether this Case should be (i) dismissed or transferred under the first-to-file rule in view of DynaEnergetics' earlier filing of the WDTX Action currently pending in the Western District of Texas and asserting the '697 Patent against the same accused products or, (ii) alternatively, stayed to allow the first-filed court—the Western District of Texas—to evaluate issues related to the first-to-file rule.

2.      Whether this Case should be dismissed as an impermissible anticipatory declaratory judgment action.

V.    **STATEMENT OF AUTHORITY**

   **A.    First-to-File Rule**

Under the first-to-file rule, "federal courts may decline to hear a case when an earlier-filed case pending in a different federal court raises similar issues." *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 630 (W.D. Tex. 2018)  (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).  The first-to-file rule is "the general rule favoring the forum of the first-filed case, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quotations and citations omitted).  "The [first-to-file] rule rests on principles of comity and sound judicial administration and the concern underlying the rule manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015)  (quotations and citations omitted).

Notably, under the first-to-file rule, "the cases need not be identical; rather, the crucial inquiry is one of substantial overlap." *Id.* (quotations and citations omitted).  When determining substantial overlap, courts look at whether the "core issue" in the cases are the same, whether

"much of the proof adduced . . . would likely be identical," and whether the cases involve the same parties. *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quotations and citations omitted); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997).  Where there is less than complete overlap between cases, courts have also looked to factors such as "the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute."  *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (quotations and citations omitted).

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."  *Save Power Ltd.*, 121 F.3d at 950 (citations omitted); *see also Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (explaining generally that "the court initially seized of a controversy should be the one to decide whether it will try the case").  To allow time for the first-filed court to evaluate issues related to the first-to-file rule, the second-filed action may be stayed.  *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985).

### B.    Impermissible Anticipatory Declaratory Judgment Action

A case should similarly be dismissed when "a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping."  *Epic Tech, LLC v. Arno Res., LLC*, No. 1:20-CV-577-LY, 2020 WL 5351078, at *5 (W.D. Tex. Sept. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-577-LY, 2021 WL 2431340 (W.D. Tex. Jan. 11, 2021) (citation omitted).  Thus, "[c]ourts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum."  *Epic Tech, LLC*, 2020 WL

5351078, at *5 (citing *Paragon Indus., L.P. v. Denver Glass Mach., Inc*., No. 3-07-CV-2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008)).

## VI.    ARGUMENT

In filing this Case, NexTier Completion has plainly sought to engage in impermissible forum shopping.  DynaEnergetics attempted to settle this dispute, but NexTier Oilfield's initial refusal to negotiate ultimately forced DynaEnergetics to file the WDTX Action asserting the '697 Patent against the GameChanger Perforation System.  It was not until it had been sued that NexTier Oilfield engaged in settlement discussions, and then, after stalling for months and after negotiations broke off, NexTier Oilfield and NexTier Completion hoped to shift the dispute to this Court though a corporate shell-game, asserting that DynaEnergetics sued the wrong "NexTier" corporation in the WDTX Action and that NexTier Completion was therefore free to pick a different court.  But such a wasteful and duplicative approach to litigation has long been rejected under the first-to-file rule, and this Case should therefore be dismissed, transferred, or stayed. Moreover, this Case should be dismissed for the independent reason that it is an impermissible anticipatory case undermining settlement negotiations.

### A.    This Case Should Be Dismissed or Transferred Under the First-to-File Rule.

Under the first-to-file rule, "federal courts may decline to hear a case when an earlier-filed case pending in a different federal court raises similar issues." *Hart*, 290 F. Supp. 3d at 630 (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).  Thus, the first-to-file rule is "the general rule favoring the forum of the first-filed case."  *Coyle*, 394 F.3d at 1347 (citations omitted).  "The [first-to-file] rule rests on principles of comity and sound judicial administration and the concern underlying the rule manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  *In re Amerijet Int'l, Inc.*, 785 F.3d at 976

(quotations and citations omitted).  As a result, pursuant to the first-to-file rule, a court may transfer or dismiss a later-filed action.  *Merial Ltd.*, 681 F.3d at 1299.

Under the first-to-file rule, "the crucial inquiry is one of substantial overlap."  *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (citation omitted).  When determining substantial overlap, courts look at whether the "core issue" in the cases are the same and whether "much of the proof adduced . . . would likely be identical."  *Id.*; *Save Power Ltd.*, 121 F.3d at 950-51.  Where there is less than complete overlap between cases, courts have also looked to factors such as "the extent of overlap, the likelihood of conflict, the comparative advantage and interest of each forum in resolving the dispute."  *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (quotations and citations omitted).

### 1.  This Case Entirely Overlaps with the Earlier-Filed WDTX Action.

Both this Case and the WDTX Action undeniably involve the same core issues.  In the WDTX Action, DynaEnergetics asserts that NexTier Completion infringes the '697 Patent and violates provisional rights entitling DynaEnergetics to pre-issuance damages through the manufacture, use, sale, or offer for sale of its GameChanger Perforating System.  Ex. N, WDTX Action, Dkt. 24 ¶¶ 55-60.  In response, NexTier Completion counterclaimed seeking a declaratory judgment of non-infringement regarding the GameChanger Perforating System.  Likewise, in this Case, NexTier Completion requests declaratory judgments that the GameChanger Perforating System does not infringe the '697 Patent and that DynaEnergetics is not entitled to pre-issuance damages.  Dkt. 1 ¶¶ 15-25.  As a result, both cases focus on whether the same GameChanger Perforating System violates the same intellectual property rights held by DynaEnergetics, and NexTier Completion has sought the same declarations of non-infringement in both cases.

Notably, both this Case and the WDTX Action involve the same parties.  In its First Amended Complaint in the WDTX Action, DynaEnergetics added NexTier Completion as the defendant and subsequently dismissed its claims against NexTier Oilfield without prejudice.

Likewise, in this Case, NexTier Completion as plaintiff seeks a declaratory judgment regarding DynaEnergetics' assertion of the '697 Patent.

Because the actions involve the same rights, the same accused products, and the same parties, "much of the proof adduced" in both actions "would likely be identical." *Int'l Fid. Ins. Co.*, 665 F.3d at 678.  For example, both actions will require proof regarding the manufacture and sale of the accused GameChanger Perforating System.  Both actions will also require a comparison of the elements of the GameChanger Perforating System to the claim limitations of the '697 Patent (and the '790 Application).  Consequently, discovery in the two cases will involve the same documents, the same fact witnesses, and the same topics for experts, all of which strongly weighs in favor of dismissal or transfer. *See Dripping Wet Water, Inc. v. Halox Techs., Inc.*, No. SA-03-CA-1048-OG, 2004 U.S. Dist. LEXIS 18532, at *64 (W.D. Tex. Mar. 22, 2004) (applying first-to-file rule and transferring case, noting the "likelihood that many of the same witnesses will testify and that much of the same technical information will be introduced in both cases").  Furthermore, the two cases will also involve similar pre-trial procedures, including claim construction for the '697 Patent.

Ultimately, the first-filed WDTX Action will result in the determination of infringement of the '697 Patent by the GameChanger Perforating System, and a calculation of the damages owed to DynaEnergetics.  If the separate cases proceed in parallel, duplicative adjudication would be guaranteed.  Even worse, this Court and the court in the WDTX Action could reach inconsistent results regarding the same patent, the same accused product, and the same parties.  Thus, because all of the issues in this Case will be addressed in the WDTX Action, this Case should be dismissed as entirely duplicative.  Even if this Case somehow included some issues not present in the WDTX Action, this Case should be transferred to the Western District of Texas under the first-to-file rule.

### 2.   The WDTX Action Is the First-Filed Case as to NexTier Completion.

The WDTX Action is the first filed case for NexTier Completion even though NexTier Completion was added to the WDTX Action after this Case was filed.[1]  To start, under the first-to-file rule "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."  *Save Power Ltd.*, 121 F.3d at 951 (citation omitted). More importantly, a later substitution of closely related defendants in a first-filed suit does not affect the application of the first-to-file rule.  *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 184-86 (1952) (affirming order staying a second-filed declaratory-judgment action brought by manufacturer against patentee even though the manufacturer was added as a party to the patentee's first-filed suit against distributor/customer after it had filed its second-filed declaratory judgment action).

For example, in a very similar factual scenario as the one here, *Wapp Tech Ltd. P'ship v. Seattle Spinco, Inc.*, the Eastern District of Texas recently found a case to be first-filed as to a defendant added to that case after a second case was launched.  No. 4:18-CV-00469, 2020 WL 1289563 (E.D. Tex. Mar. 18, 2020), *denying mandamus*, 817 F. App'x 987, 988 (Fed. Cir. 2020). In *Wapp Tech*, a patent owner initially sued a parent corporation for patent infringement in the Eastern District of Texas.  *Id.* at *1.  A few months later, the defendant parent company moved to dismiss.  Around the same time, two subsidiaries of the parent filed a declaratory judgment action against the patent owner in the District of Delaware.  *Id.*  The patent owner subsequently amended its complaint in the Eastern District of Texas to add those same subsidiaries as defendants, prompting the subsidiaries to move to transfer the Texas case to Delaware.  The subsidiaries argued

---

[1]  NexTier Completion has erroneously asserted in its motion to transfer in the WDTX Action that this Case is the "first-filed with regard to [NexTier Completion]."  WDTX Action Dkt. 34 at n.2.  However, it notably admits that it is not challenging the WDTX Action on that basis.  *Id.*

that the first-to-file rule did not apply to the Texas case because the claims against the parent corporation were dismissed, and because the subsidiaries filed the declaratory judgment action in Delaware before the subsidiaries were added to the Texas dispute.  *Id*. at *2.

The Eastern District of Texas summarily rejected the subsidiaries' motion to transfer, characterizing it as "easily disposed of."  *Id*.  The court noted that the focus of the first-to-file rule is the "timeline" for the filing of different suits, not the dates that particular parties were dismissed or added to any action.  *Id*. at *3.  The court further rejected the subsidiaries' attempt to forum shop, stating:

> The first-to-file rule rests on principles of "comity and sound judicial administration." It does not exist to allow Defendants to forum shop by: first, creating a second-filed suit in their preferred forum after the first-filed suit had been pending for months; and then, seize upon some deficiency in Plaintiffs' original complaint to argue that the case was actually filed first in Defendants' preferred forum. Yet that is what Defendants urge the Court to condone.  It will not.

*Id*. at *4 (citation omitted).

*Wapp Tech* is directly on point here.  In the WDTX Action, DynaEnergetics asserted its rights under the '697 Patent against NexTier Oilfield on December 30, 2020.  Months later, NexTier Oilfield moved to dismiss, and on the same day its subsidiary, NexTier Completion, filed this Case, seeking a declaratory judgment regarding the '697 Patent.  However, DynaEnergetics amended its complaint in the WDTX Action to add NexTier Completion.  As a result, under *Wapp Tech*, for the purposes of the first-to-file rule, the WDTX Action is the first-filed case, not this Case.  A contrary result would condone exactly the forum shopping firmly rejected in *Wapp Tech*.

### 3.  Additionally, the Amendment Adding NexTier Completion to the WDTX Action Relates Back.

The WDTX Action is the first-filed case even if the amendment adding NexTier Completion in that case does not relate back to the filing date of the original complaint.  The first-to-file rule is based on the order cases are initiated, not on the effective dates given to amendments

to pleadings in those cases.  *Wapp Tech Ltd. P'ship*, 2020 WL 1289563, at *2; *see also Barnes &*

*Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 987-88 (N.D. Cal. 2011) (collecting cases regarding

the application of the first-to-file rule against a defendant added through amendment).  Moreover,

the amendment adding NexTier Completion to the WDTX Action ***does*** relate back.  As a result,

the legally operative date NexTier Completion was added to the WDTX Action is December 30,

2020, which provides a further reason to dismiss or transfer this Case under the first-to-file rule.

Under Rule 15(c), an amendment adding a new party relates back to an earlier filing date

if three elements are satisfied.  First, the amendment must "assert[] a claim or defense that arose

out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original

pleading."  Fed. R. Civ. P. 15 (c)(1)(B).  Second, if the amendment names a new party, an

amendment relates back only if the new party received sufficient notice of the action "that it will

not be prejudiced in defending on the merits."  Fed. R. Civ. P. 15 (c)(1)(C)(i).  Third, relation back

requires that the new party "knew or should have known that the action would have been brought

against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15 (c)(1)(C)(ii).

Both the second and third elements must be satisfied "within the period provided by Rule 4(m) for

serving the summons and complaint."  Fed. R. Civ. P. 15 (c)(1)(C).  Rule 4(m) states that a

summons and complaint must be served within 90 days, and this time period may be extended for

"good cause."

Where—as here—an amendment names a related corporation as defendant in the dispute,

courts routinely find that the amendment relates back to the original filing date.  *See, e.g*., *Krupski*

*v. Costa Crociere S. p. A*., 560 U.S. 538, 554, 130 S. Ct. 2485, 2497, 177 L. Ed. 2d 48 (2010);

*Goodman v. Praxair, Inc*., 494 F.3d 458, 473 (4th Cir. 2007) (en banc); *Orion IP, LLC v. Xerox*

*Corp*., No. 607 CV 138, 2008 WL 11348290, at *2 (E.D. Tex. Jan. 16, 2008) (involving patent

infringement).  Importantly, regarding the third "knew or should have known" element of relation back, courts often impute knowledge from a corporate parent to a subsidiary.  The required knowledge may be satisfied with actual or constructive knowledge, and constructive knowledge occurs when an "identity of interest" exists "between the original defendant and the defendant sought to be added or substituted."  *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). Specifically, an "identity of interest exists" when the parties are "closely related in their business operations."  *Id*.  As a result, when a case is mistakenly filed against a parent corporation rather than a subsidiary, the subsidiary "knew or should have known that, but for a mistake concerning their identity, the action would have been brought against it."  *Goodman*, 494 F.3d at 472-73; *Jacobsen*, 133 F.3d at 320.  Such constructive knowledge is particularly likely when the parent and subsidiary utilize the same counsel.  *Goodman*, 494 F.3d at 472-73.

Here, all three elements of Rule 15(c) are clearly satisfied.  First, the amendment adding NexTier Completion plainly "asserts a clam or defense that arose out of the conduct, transaction, or occurrence set out … in the original pleading."   Both the original and amended complaints assert the exact same patent against the exact same products and seek the exact same relief that NexTier has put at issue before this Court.  Second, NexTier Completion has received sufficient notice to avoid any prejudice in presenting its defense in the WDTX Action.  Indeed, NexTier Completion has not been prejudiced in any way, as the WDTX Action is still at a very early stage. After DynaEnergetics filed its initial complaint on December 30, 2020, NexTier Oilfield kept the case in stasis through four extensions to the deadline to answer.  On April 21, 2021, NexTier Oilfield asserted for the first time that NexTier Completion is the proper defendant, and DynaEnergetics promptly amended its complaint to name NexTier Completion as a defendant.

Third, NexTier Completion had actual or constructive knowledge that DynaEnergetics would have sued it but for a "mistake."  To start, NexTier Completion clearly had actual knowledge of the WDTX Action prior to filing this Case.  In its Complaint in this Action, NexTier Completion relied on the letter that DynaEnergetics sent to the Mr. Drummond, the president of NexTier Oilfield, as the basis for establishing an actual controversy in this Case.  Dkt. 1 ¶¶ 10, 19.  Similarly, NexTier Completion has constructive knowledge of the suit against NexTier Oilfield because they are "closely related in their business operations."  *Jacobsen*, 133 F.3d at 320.  NexTier Oilfield asserts that it is merely a "holding company" for NexTier Completion, so that NexTier Oilfield has no business operations other than that of its subsidiaries.  Moreover, even though NexTier Oilfield asserts that it does not manufacture or sell the GameChanger Perforation System, NexTier Oilfield advertises that product on its website, presumably for the benefit of its subsidiary NexTier Completion.  Ex. A, GameChanger Website (*available at* https://nextierofs.com/wp-content/uploads/NEX-19-266-GameChanger-SDS-10-30-19.pdf).  Furthermore, in this Case, NexTier Completion relies on the same counsel that NexTier Oilfield has used for patent litigation since at least August 2020.

Finally, the second and third elements of Rule 15 were satisfied within the time period specified by Rule 4(m).  By virtue of its closely related business operations with NexTier Oilfield, NexTier Completion has had constructive knowledge of the WDTX Action since it was filed.  Again, NexTier Completion admits that it had actual knowledge of the communications between DynaEnergetics and NexTier Oilfield before filing this Case on April 21, 2021.  Additionally, good cause exists for extending the Rule 4(m) period in the WDTX Action until that date.  Specifically, in the WDTX Action, NexTier Oilfield filed *four* motions to extend, thereby waiting months to inform DynaEnergetics that it had purportedly sued the wrong corporate entity.  NexTier

Oilfield sought—and received—DynaEnergetics' consent to these motions under the apparently insincere guise that NexTier Oilfield had both the intent and authority to resolve the matter outside of Court.  Had NexTier Oilfield instead responded in a timely fashion, DynaEnergetics would have learned within 90 days of filing its complaint in the WDTX Action that it should have sued NexTier Completion.  The dilatory tactics of the parent corporation, NexTier Oilfield, should not insulate the subsidiary from suit.

### 4.   The Western District of Texas Is Well-Suited to Adjudicate the Dispute Between the Parties.

Importantly, documents and key fact witnesses, including party and third-party witnesses will be located in the Western District of Texas.  Notably, DynaEnergetics' flagship U.S. location is in Blum, Texas, which lies in the Western District of Texas.  Ex. R, Declaration of Ian Grieves, ¶¶ 8-10.  This 74,000-square-foot location is the largest DynaEnergetics facility in the United States in terms of both square footage and the number of employees.  *Id*. ¶ 11. Moreover, DynaEnergetics assembles its DynaStage products, which practice the '697 Patent, at the Blum location.  *Id*. ¶¶ 12-14.  It likewise manufactures nearly all components of the DynaStage systems at that location.  *Id*.  Key personnel at DynaEnergetics' Blum facility may therefore be witnesses in the dispute with NexTier Completion.  *Id*. ¶ 16 (identifying potential witnesses).  Furthermore, many of DynaEnergetics' customers, direct (service companies) and indirect (exploration & production companies), operate in the oil-rich Permian Basin, which is primarily located in the Western District of Texas.  *Id*. ¶¶ 16-18.

NexTier Completion likewise has numerous ties to the Western District of Texas.  For instance, NexTier Completion has an office located in Midland, which is located in the Western District of Texas.  Ex. N, WDTX Action Dkt. 24 ¶ 4.  Similarly, NexTier Completion has manufactured, distributed, sold, and/or offered to sell the GameChanger Perforation System to

customers for use throughout the Permian Basin.  *Id.* ¶ 9.  And these contacts to the Western District of Texas are merely the start.  In the WDTX Action, DynaEnergetics and NexTier Completion are currently engaged in preliminary discovery regarding jurisdiction and venue issues.  Consequently, DynaEnergetics will soon be able to demonstrate further the close connection that NexTier Completion has with the Western District of Texas.

Resolving the dispute between DynaEnergetics and NexTier Completion in the Western District of Texas will also promote consistent outcomes and conserve judicial resources. DynaEnergetics has filed six other lawsuits in the Western District of Texas alleging infringement of the '697 Patent:

- December 4, 2020: *DynaEnergetics Europe GmbH et. al. v. Yellow Jacket Oil Tools, LLC, et. al.*, No. 6:20-cv-01110-ADA (W.D. Tex., Waco Div.);

- January 28, 2021: *DynaEnergetics Europe GmbH et. al. v. Rock Completion Tools, LLC et. al.*, No 6:21-cv-00084-ADA (W.D. Tex., Waco Div.)[2];

- January 28, 2021: *DynaEnergetics Europe GmbH et. al. v. GR Energy Services Operating GP LLC, et. al.*, No 6:21-cv-00085-ADA (W.D. Tex., Waco Div.);

- April 8, 2021: *DynaEnergetics Europe GmbH et. al. v. Horizontal Wireline Services, LLC et. al.*, No 6:21-cv-00349-ADA (W.D. Tex., Waco Div.);

- April 26, 2021:  *DynaEnergetics Europe GmbH et. al. v. PerfX Wireline Services, LLC*, No 6:21-cv-00371-ADA (W.D. Tex., Waco Div.); and

- *DynaEnergetics Europe GmbH v. Oil States Int'l, Inc. et. al.*, No. 6:21-cv-00372-ADA (W.D. Tex., Waco Div.).

---

[2] DynaEnergetics has dismissed this case as to Rock Completion Tools, LLC and filed a Motion for Default Judgment as to the remaining defendant on May 28, 2021.

Thus, the Western District of Texas has a clear interest in resolving the dispute between the parties.

**B.      Alternatively, this Case Should Be Stayed.**

If the Court declines to dismiss or transfer this Case for the reasons noted above, the Court should nevertheless stay this Case.  "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd.*, 121 F.3d at 950; *see also Hortex, Inc.*, 439 F.2d at 407 (explaining generally that "the court initially seized of a controversy should be the one to decide whether it will try the case").  To allow time for the first-filed court to evaluate issues related to the first-to-file rule, the second-filed action may be stayed.  *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d at 729 n.1. Thereafter, if the first-filed court dismisses or transfers the action, the stay in the second-filed case can be lifted.  *Id*.  However, if a motion to transfer or dismiss the action in the first-filed case is denied, "the stay could be lifted and the second-filed action dismissed or transferred."  *Id*.

Here, the application of the first-to-file rule clearly favors dismissal of this Case for the reasons noted above.  However, even if this Court disagrees, it should defer to the decision of the court in the WDTX Action.  In fact, in that dispute, NexTier Completion has already filed a motion to transfer under 35 U.S.C. § 1404(a), and the parties are currently engaged in jurisdictional discovery regarding issues related to that motion.  In deciding that motion, the Western District of Texas may address whether this Case and the WDTX Action substantially overlap, whether the addition of NexTier Completion to that case impacts the application of the first-to-file rule, and whether the addition of NexTier Completion relates back.  In the meantime, this Court should stay this case to conserve the resources of the Court and the parties and to properly defer to the Western District of Texas.

### C.     Separately, this Case Should Be Dismissed as an Impermissible Anticipatory Case.

As explained *supra*, this Case is not the first-filed dispute between the parties regarding infringement of '697 Patent, and this Case should accordingly be dismissed, transferred, or stayed. In addition, this Case should be dismissed for the further reason that it is an impermissible anticipatory case.

Even when the first-to-file rule does not require dismissal of a case, a case should be dismissed when "a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping." *Epic Tech, LLC*, 2020 WL 5351078, at *5 (citation omitted); *see, e.g.*, *Bedrock Logistics, LLC v. Braintree Labs., Inc.*, No. 3:16-CV-2815-M, 2017 WL 1547013, at *5 (N.D. Tex. Apr. 28, 2017) ("Courts often make an exception to the first-to-file rule when a plaintiff files an anticipatory suit."); *Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*, No. H-07-637, 2007 WL 5186798, at *4 (S.D. Tex. Sept. 11, 2007) ("Anticipatory lawsuits not only deprive a potential plaintiff of his choice of forum, but an anticipatory suit is also one of the compelling circumstances courts cite when declining to apply the first-filed rule.") (citations omitted).  Thus, "[c]ourts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum." *Epic Tech, LLC*, 2020 WL 5351078, at *5 (citing *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, No. 3-07-CV-2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008)).

Here, prior to filing this Case, NexTier Completion was aware that DynaEnergetics sought to avoid litigation through settlement and that the Western District of Texas was DynaEnergetics' preferred forum.  NexTier Completion fully admits that it was aware of DynaEnergetics' efforts to settle this dispute by contacting Mr. Drummond, the President of NexTier Oilfield.  NexTier

Completion explicitly referenced those communications in its complaint in this Case in an effort to demonstrate the existence of a justiciable controversy.  Dkt. 1 ¶ 10.  Moreover, Rule 11(b) required NexTier Completion to conduct a reasonable inquiry prior to filing this Case to ensure that claims are warranted.  *See* Fed. R. Civ. P. 11(b).  Fully aware that DynaEnergetics had initiated settlement negotiations with its parent corporation, NexTier Completion must also have inquired with Mr. Drummond regarding the status of negotiations with DynaEnergetics.   In doing so, NexTier Completion would have learned of the WDTX Action.  NexTier Completion thus engaged in blatant forum shopping by filing a declaratory judgment action in this Court fully aware that DynaEnergetics had already initiated suit in the Western District of Texas against its parent. Regardless of the implications of the first-to-file rule, this Court should dismiss this Case.

## VII.    CONCLUSION

DynaEnergetics respectfully moves this Court to dismiss this Case under the first-to-file rule or, if necessary, transfer this action to the Western District of Texas.  Alternatively, this Court should stay this Case to allow the Western District of Texas to address the first-to-file rule.  Finally, as a separate ground, this Case should be dismissed as an improper anticipatory suit.

Dated: July 21, 2021

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: _/s/ Barry J. Herman_
Barry J. Herman (*pro hac vice*)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for Defendants*
*DynaEnergetics Europe GmbH and*
*DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Stephanie Nguyen (*pro hac vice* to be filed)
DC Bar No. 1046300
Julie Giardina (*pro hac vice* to be filed)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5800
Email: Stephanie.Nguyen@wbd-us.com
Email: Julie.Giardina@wbd-us.com

MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice* to be filed)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice* to be filed)
New York Bar No. 4450953
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
Terry Kernell
Federal Bar No. 15074
Texas Bar No. 11339020
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby confirms that on July 21, 2021, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

*/s/  Barry J. Herman*

**<u>CERTIFICATE OF CONFERENCE</u>**

The undersigned hereby certifies that on July 21, 2021, counsel for DynaEnergetics conferred with counsel for NexTier regarding DynaEnergetics' Motion to Dismiss, Transfer, or Stay.  Counsel for NexTier indicated that they oppose the motion.

*/s/  Barry J. Herman*