United States District Court
Southern District of Texas
**ENTERED**
August 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEXTIER COMPLETION SOLUTIONS INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-1328 |
| DYNAENERGETICS EUROPE GMBH, *et al.*, | § § § § | |
| Defendant(s). | § § | |

## MEMORANDUM OPINION AND ORDER

The motion in this patent-infringement case present a venue issue. In December 2020, DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (together, "DynaEnergetics") sued NexTier Oilfield Solutions, Inc. in the U.S. District Court for the Western District of Texas. (Docket Entry No. 23-4; *DynaEnergetics Europe GmbH et al. v. Nextier Oilfield Solutions, Inc.*, No. 6:20-cv-1201 (W.D. Tex)). In April 2021, NexTier Oilfield moved to dismiss that complaint on the basis that it named the wrong defendant because NexTier Oilfield is only a holding company, and NexTier Completion Solutions, Inc. is the proper defendant. (Docket Entry No. 23-13). The same day, NexTier Completion sued DynaEnergetics in the Southern District of Texas, seeking a declaratory judgment that NexTier Completion's product does not infringe the DynaEnergetics patent and that the patent is invalid. (Docket Entry No. 1). DynaEnergetics then amended its complaint in the Western District case to sue NexTier Completion and dismiss NexTier Oilfield. (Docket Entry Nos. 23-14, 23-15). DynaEnergetics has now moved to dismiss or stay this Southern District case under the first-to-file rule, and NexTier Completion has responded. (Docket Entry Nos. 23, 38, 39).

"Under the first-to-file rule, federal courts may decline to hear a case when an earlier-filed case pending in a different federal court raises similar issues." *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 630 (W.D. Tex. 2018) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)). "The [first-to-file] rule rests on principles of comity and sound judicial administration and the concern underlying the rule manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) (per curiam) (quotation marks and citations omitted).

The Western District action was filed first. NexTier Completion does not challenge this fact, and it is not affected by the addition of NexTier Completion as a defendant in the Western District action after NexTier Completion filed this Southern District action. *See Wapp Tech Ltd. P'ship v. Seattle Spinco, Inc.*, No. 4:18-CV-00469, 2020 WL 1289563, at *3 (E.D. Tex. Mar. 18, 2020) (a case in one district was first filed as to a defendant added after that defendant filed a case raising the same issues in a different district); *see also Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 951 (5th Cir. 1997) ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."); *Excentus Corp. v. Kroger Co.*, No. 3:10-CV-0483, 2010 WL 3606016, at *2 (N.D. Tex. Sept. 16, 2010) ("Substantial overlap between the cases does not require that the parties and issues be identical. However, the two actions must involve closely related questions or common subject matter." (quotation marks, brackets, and citation omitted)).[1]

---

[1] The fact that the Western District is the court with the first-filed case moots the DynaEnergetics argument that this Southern District case should be dismissed as an impermissible anticipatory lawsuit, because this case is the second-filed case, not a first-filed anticipatory lawsuit. *See, e.g.*, *Bedrock Logistics, LLC v. Braintree Lab'ys, Inc.*, No. 3:16-CV-2815, 2017 WL 1547013, at *2 (N.D. Tex. Apr. 28, 2017) (if a case is an anticipatory lawsuit, the court may decline to apply the first-to-file rule); *Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*, No. H-07-637, 2007 WL 5186798, at *4 (S.D. Tex. Sept. 11, 2007) (same).

"A second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule." *Stannard v. Nat'l Indoor RV Ctrs., LLC*, No. 4:18-CV-00366, 2018 WL 3608560, at *1 (E.D. Tex. July 27, 2018) (citation omitted). "As the second-filed court, the [c]ourt's limited role is to determine whether there is substantial overlap between the two suits." *Platt v. Nash*, No. 4:16-CV-00294, 2016 WL 6037856, at *2 (E.D. Tex. Oct. 14, 2016). In determining if there is substantial overlap, courts consider whether the "core issue" in the cases is the same and "much of the proof adduced . . . would likely be identical." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quotation marks and citations omitted); *Save Power*, 121 F.3d at 950–51. If there is some but not complete overlap between the cases, courts consider "the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Int'l Fid. Ins.*, 665 F.3d at 678 (quotation marks and citations omitted).

DynaEnergetics argues that this case substantially overlaps with the Western District case. NexTier Completion does not disagree. Nor does the court. The cases involve the same core issues—the validity and scope of the DynaEnergetics' patent and whether NexTier Completion has infringed—and the same parties. Much of the discovery and evidence will "likely be identical." *Id*.

NexTier Completion argues that, despite the overlap, this case should not be dismissed or stayed because this court is a convenient forum under 28 U.S.C. § 1404(a). Relying on *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983), and *Hart*, 290 F. Supp. 3d 627, NexTier Completion argues that there is a compelling-circumstances exception to the first-to-file rule, based on the § 1404(a) convenience factors. (Docket Entry No. 38). The Eastern District of Texas recently rejected a similar argument, because the court in *Mission Insurance* was

3

the first-filed court, not the second-filed, and the court in *Hart* did not find that the two lawsuits substantially overlapped. *Truinject Corp. v. Nestle S.A.*, No. 4:20-CV-457, 2020 WL 6781578, at *3 (E.D. Tex. Nov. 18, 2020).

The court also declines to conduct a § 1404(a) analysis because NexTier Completion has already asked the Western District to do so. In June 2021, NexTier Completion moved the Western District court to transfer the earlier-filed DynaEnergetics case to this court. (Docket Entry No. 34, *DynaEnergetics Europe*, Civil Action No. 6:20-cv-1201-ADA (W.D. Tex.)). The parties are currently conducting limited discovery on the issue. "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd.*, 121 F.3d at 950 (citations omitted); *see Truinject*, 2020 WL 6781578, at *3 ("Allowing the non-movant to bootstrap a § 1404 analysis to its response in opposition to a first-to-file motion would cause the [c]ourt to unduly encroach upon the domain of a sister court, thereby subverting the first-to-file rule and its purpose altogether."); *Excentus*, 2010 WL 3606016, at *1 ("Once the court in the later-filed action finds the issues involved are likely to substantially overlap, it is up to the first-filed court to resolve the question of whether both cases should proceed." (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971))).

NexTier Completion has asked the Western District to determine which court is the appropriate venue under § 1404. Staying this second-filed case is "appropriate to permit the court of first filing to rule on a motion to transfer." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985). "If [the Western District] transfers the first-filed action, the stay could be lifted and the actions consolidated. If the

transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred." *Id.*

The DynaEnergetics motion, (Docket Entry No. 23), is granted. This case is stayed and administratively closed pending the Western District's decision on the pending motion to transfer. Any party may move to lift the stay within seven days of that decision.

SIGNED on August 16, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge